[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DAVID EVANS, ESQ., Attorney for the Plaintiff PATRICK DeLEON, ESQ., Attorney for the Defendant
MEMORANDUM OF DECISION
THE COURT: All right. Good afternoon.
What I have decided to do is to give an oral decision in this case from the bench, but I will ask the court monitor to be so kind, after we have completed — or after I have completed my oral opinion — to type it up and submit it to me and I will sign it, having made any appropriate corrections and place it in the file.
This is the case of Birdsall against LaBonte. The Court, of course, has heard testimony in this case given by both parties and has in addition received in evidence a number of exhibits, both photographic exhibits and a variety of medical exhibits submitted by the plaintiff. And the Court has listened very carefully to the oral testimony presented and has studied the exhibits carefully as well and the Court is now prepared to give its opinion.
The Court finds that on April 30, 1987, the plaintiff, Eric Birdsall was assaulted by the defendant Dennis LaBonte. The Court finds that Mr. CT Page 620 Birdsall's description of that assault was credible; that although it is not necessary to go into extreme detail for purposes of this opinion, there is certainly credible evidence that on April 30, 1987, the plaintiff and the defendant were in a bar known as Mr. Happy's in Waterbury; that at approximately 9:30 or 10:00 o'clock that evening, the plaintiff left the bar, was followed by the defendant, and the defendant viciously assaulted the plaintiff both striking him in the head and later, as the plaintiff lay unconscious on the ground, repeatedly hitting or kicking him causing him the injuries described on the stand and in the various exhibits.
The Court makes this finding, as it will the future findings to be announced on the basis of credibility, that the Court considers Mr. Birdsall to be a credible witness, and the photographic evidence as discussed incolloquy with the attorneys in oral argument. The photographic evidence simply does not bear out the defendant's version; the injuries here were far too grievous to be caused-in a manner consistent with that of the defendant's testimony.
As a result of this assault, the Court further finds that the plaintiff has incurred both economic and noneconomic damages, and due to present statutory law I must address both of these topics.
First, by economic damages I want it to be understood that I refer to both past and future economic damages. I will award a lump sum of economic damages, but it's to be understood that this comprehends not just expenses incurred in the past but expenses that are reasonably probable, based on the evidence, to be incurred in the future. The medical bills are in evidence. In addition, there is both testimony and discussion in the medical bills and medical reports of future medical and dental expenditures that the plaintiff will have to undergo. And, in addition, there is testimony concerning work time lost by the plaintiff because of this incident.
And the Court finds, based on what it regards as a quite conservative reading of the economic damages involved, total economic damages, and again, this is both past and future, to be seven thousand dollars ($7,000.00). CT Page 621
In terms of noneconomic damages this, of course, is necessarily more difficult whether the fact finder is a judge or a jury, but just as courts instruct juries all the time that the rule of damages is that insofar as money is to do it, the plaintiff is to be put in the same situation that he would have been had the incident not occurred, the courts must adhere to this formula as well, although being ever mindful that its decision on noneconomic damages must be based on the evidence and not on speculation. The Court certainly finds that Mr. Birdsall underwent grievous pain and suffering at the time of the incident; was treated at the hospital; has been treated by a number of doctors; has undergone dental work and must, of necessity, undergo additional medical work in the future. And, of course, there is testimony that he continues to have migraine headaches, and there is no reason to believe that these migraine headaches will cease to exist.
The Court considers fair noneconomic damages, and again this is both past and future, to be fifteen thousand dollars ($15,000.00). Total damages are twenty-two thousand dollars ($22,000.00) plus costs. And that is the judgment of the Court.
And when the court monitor types up these remarks, they will be signed by the Court and placed in the file.
BLUE, J.